# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

Broward Division

| | |
|---|---|
| In re: | ) Case No.: 10-28935-RBR |
| | ) |
| GLOBAL ENERGIES, LLC, | ) Chapter 7 |
| f/k/a 714 TECHNOLOGIES, LLC, | ) (Involuntary) |
| | ) |
| Debtor. | ) |

## NOTICE OF APPEAL

Joseph G. Wortley, by and through his undersigned counsel, hereby appeals under 28 U.S.C. § 158(a) and Rules 8002 and 8003 of the Federal Rules of Bankruptcy Procedure, from the Court's *Order Granting in Part Motion for Entry of an Order Granting Leave, Standing, and Authority to Prosecute Actions on Behalf of the Estate [D.E. 819] and Denying Revised Statement of Relief Sought on Remand and Motion for Entry of Case Management Order [D.E. 821]* [D.E.881] entered on June 24, 2015. This appeal is taken solely with respect to the Court's denial of standing as to claims arising under 11 U.S.C. § 303. A copy of the Order is attached as Exhibit A.

The parties to the Order appealed from, and the names, addresses, and telephone numbers of their respective counsel, are as follows:

| Party | Counsel |
|---|---|
| Joseph G. Wortley | William R. Baldiga<br>**BROWN RUDNICK LLP**<br>Seven Times Square<br>New York, New York 10036<br>(212) 209-4800<br><br>Jesse N. Garfinkle<br>**BROWN RUDNICK LLP**<br>One Financial Center<br>Boston, Massachusetts 02111<br>(617) 856-8200 |
| Joseph G. Wortley (cont'd) | Bruce S. Rogow<br>Tara A. Campion<br>**BRUCE S. ROGOW, P.A.**<br>500 East Broward Blvd., Suite 1930<br>Fort Lauderdale, FL 33394<br>(954) 764-1530 |
| Chrispus Venture Capital, LLC<br><br>Richard R. Tarrant<br><br>Ronald Roberts | Michael I. Goldberg<br>**AKERMAN LLP**<br>350 East Las Olas Blvd., Suite 1600<br>Fort Lauderdale, FL 33301<br>(954) 463-2700 |
| Plasma Power, LLC | N/A |
| James C. Juranitch | Nolan K. Klein<br>**LAW OFFICES OF NOLAN KLEIN, P.A.**<br>Wells Fargo Tower, Suite 1500<br>One East Broward Blvd.<br>Fort Lauderdale, FL 33301<br>(954) 745-0588 |
| Chad P. Pugatch<br><br>Rice Pugatch Robinson, P.A. | Chad P. Pugatch<br>Craig A. Pugatch<br>George L. Zinkler, III<br>**RICE PUGATCH ROBINSON, P.A.**<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, Florida 33301<br>(954) 462-8000 |

| Party | Counsel |
|---|---|
| Barry E. Mukamal, in his capacity as Chapter 7 Trustee | Jeffrey P. Bast<br>Morgan B. Edelboim<br>**BAST AMRON LLP**<br>SunTrust International Center<br>One Southeast Third Avenue, Suite 1400<br>Miami, Florida 33131<br>(305) 379-7904 |
| United States Trustee | Denyse Heffner<br>**OFFICE OF THE UNITED STATES TRUSTEE**<br>51 S.W. 1st Ave., Suite 1204<br>Miami, FL 33130<br>(305) 536-7285 |

Respectfully submitted,

*Bruce S. Rogow*
BRUCE S. ROGOW (Fla. Bar No. 067999)
TARA A. CAMPION (Fla. Bar No. 90944)
**BRUCE S. ROGOW, P.A.**
500 East Broward Blvd., Ste. 1930
Ft. Lauderdale, FL 33394
Telephone: (954) 767-8909
Fax: (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com

-and-

**BROWN RUDNICK LLP**
William R. Baldiga, Esq. (NY Bar #4813846)
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

**BROWN RUDNICK LLP**
Jesse N. Garfinkle, Esq. (MA Bar #685236)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
*Counsel to Joseph G. Wortley*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2015, I emailed the following document to all counsel of record or pro se parties identified in the attached Service List.

By: */s/ Tara A. Campion*
TARA A. CAMPION

## SERVICE LIST

| | |
|---|---|
| Jeffrey P. Bast | jbast@bastamron.com; jdepina@bastamrom.com; mdesvergunat@bastamron.com |
| Michael I. Goldberg | michael.goldberg@akerman.com, charlene.cerda@akerman.com |
| Robert J. Hauser | hauser@pankauskilawfirm.com, courtfilings@pankauskilawfirm.com |
| Nolan K. Klein | klein@nklegal.com, nina@nklegal.com; amy@nklegal.com; katie@nklegal.com |
| Barry E. Mukamal | bemtrustee@kapilamukamal.com, FL64@ecfcbis.com |
| Ronald G. Neiwirth | rneiwirth@gordonrees.com, tfusco@gordonrees.com |
| Steven S. Newburgh | snewburgh@ssclawfirm.com, ssn@newburghlaw.net; kgarcia@ssclawfirm.com; jocasio@ssclawfirm.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Steven K. Platzek | skp@gh-law.net, ivy@granerlaw.com |
| Chad P. Pugatch | cpugatch.ecf@rprslaw.com; cpugatch@rprslaw.com; capugatch@rprslaw.com; gzinkler@rprslaw.com |
| Patricia A. Redmond | predmond@stearnsweaver.com, jmartinez@stearnsweaver.com; bank@stearnsweaver.com; rross@stearnsweaver.com; cgraver@stearnsweaver.com; sdaddese@akingump.com |
| George L. Zinkler | gzinkler.ecf@rprslaw.com |



**ORDERED in the Southern District of Florida on June 23, 2015.**

**Raymond B. Ray, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:

GLOBAL ENERGIES, LLC,                             Case No. 10-28935-BKC-RBR

   Debtor.                                         Chapter 7
_____/

**ORDER GRANTING IN PART MOTION FOR ENTRY OF AN**
**ORDER GRANTING LEAVE, STANDING, AND AUTHORITY TO**
**PROSECUTE ACTIONS ON BEHALF OF THE ESTATE [D.E. 819] AND**
**DENYING REVISED STATEMENT OF RELIEF SOUGHT ON REMAND**
**AND MOTION FOR ENTRY OF CASE MANAGEMENT ORDER [D.E. 821]**

**THIS MATTER** came before the Court for a hearing on May 27, 2015, upon Joseph G. Wortley's Motion for Entry of an Order Granting Leave, Standing, and Authority to Prosecute Actions on Behalf of the Estate [D.E. 819] (the "Standing Motion") and the Revised Statement of Relief Sought on Remand and Motion for Entry of a Case Management Order [D.E. 821] (the "Case Management Motion"), the Responses [D.E. 846, 847, 848], and the Reply [D.E. 852] thereto.

On April 10, 2015, Wortley filed the Standing Motion, seeking derivative standing to prosecute causes of action on behalf of the estate, including: (i) avoidance of the sale of substantially all of the Debtor's assets to Chrispus pursuant to 11 U.S.C. § 549; (ii) recovery of damages to the estate in connection with the avoidance of such sale pursuant to 11 U.S.C. § 550; (iii) dismissal of the involuntary petition and the bankruptcy case pursuant to 11 U.S.C. §§ 303 and 707(a) and Federal Rule of Bankruptcy Procedure 1011; (iv) recovery of damages to the estate pursuant to 11 U.S.C. § 303(i) in connection with the dismissal of the bankruptcy case; and (v) the equitable subordination pursuant to 11 U.S.C. § 510 of Chrispus' claim and Juranitch's and Tarrant's equity interest in the Debtor. On May 23, 2015, Wortley filed the Proposed Revised Complaint for Relief of Remand [D.E. 853] (the "Revised Complaint").

    A. <u>The Court does not have the authority to grant Wortley standing to pursue a claim under § 303.</u>

The plain language of § 303(i) only grants the debtor standing to pursue claims against petitioning creditors when an involuntary petition is dismissed. *See In re Mike Hammer Productions*, 294 B.R. 752, 754 (B.A.P. 9th Cir. 2003); *see also In re Ed Jansen's Patio, Inc.*, 183 B.R. 643, 644 (Bankr. M.D. Fla. 1995). In *Hartford Underwriters v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000) the Supreme Court addressed the issue of a third party's standing to assert claims when the Code expressly specifies who has standing to pursue that relief. The Court reiterated the axiom that "Congress 'says in a statute what it means and means in a statute what it says there.'" *Id.* at 6. The decision indicates that this Court should be reluctant to grant derivative standing when the Code specifically restricts standing. Bankruptcy courts' equity powers are limited by the plain language of the Code and cannot be used to create derivative standing. *See Surf N Sun Apts., Inc. v. Dempsey,* 253 B.R. 490, 493 (M.D. Fla. 1999). The Supreme Court has made clear that "whatever equitable powers remain in the bankruptcy courts must and can only

2

be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988).

After thoroughly reviewing the applicable law, the Court determines that it does not have the authority to grant Wortley derivative standing to pursue a claim under § 303. Section 303(i) explicitly only permits the Debtor standing to bring this cause of action. It would be inappropriate for the Court to exercise its powers in equity to act in direct contravention of a provision of the Bankruptcy Code. The Court could not locate one opinion issued after *Hartford Underwriters* that granted derivative standing for a party to pursue a claim in which standing is expressly set forth in the Code outside of avoidance actions. Likewise, the Court could not find any case at all that granted derivative standing for a non-debtor to pursue a § 303 claim. Therefore, this Court determines it does not have the authority and it would be inappropriate to use its equitable powers to grant Wortley standing to prosecute a § 303 claim.

B. <u>This Court grants Wortley standing to pursue all claims in the Revised Complaint, except those pled under § 303.</u>

Courts in the Eleventh Circuit have allowed third parties to pursue estate causes of action with the consent of the trustee upon a showing that the claims are (i) necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings and (ii) in the best interest of the bankruptcy estate. *See In re iPCS, Inc.*, 297 B.R. 283, 291-92 (Bankr. N.D. Ga. 2003) (citing *In re Commodore Intern., Ltd.,* 262 F.3d 96 (2d Cir. 2001); *see also In re Spaulding Composites Co., Inc.,* 207 B.R. 899 (9th Cir. BAP 1997). In determining whether the derivative standing test is satisfied, the most important factor is whether the claims are colorable. *Id.* at 192. The inquiry is similar to the standard on a motion to dismiss for failure to state a claim. *See In re America's Hobby Center, Inc.*, 223 B.R. 275, 282 (Bankr. S.D.N.Y. 1998). "[C]onclusions of law

3

asserted need not be accepted as true." *See In re Barton,* 266 B.R. 922, 923 (Bankr. S.D. Ga. 2001) (citing *Solis–Ramirez v. United States,* 758 F.2d 1426, 1429 (11th Cir. 1985)).

Although the Trustee has not affirmatively consented to granting Wortley derivative standing, the Court will apply the two-factor test because the Trustee has indicated he does not oppose the Standing Motion to the extent the Court deems derivative standing to be appropriate. The Eleventh Circuit's mandate does not require an adversary proceeding. However, the Court determines that it is necessary and beneficial to a fair and efficient resolution of this case. An adversary proceeding will allow this Court to efficiently carry out the mandate as opposed to adjudicating issues piecemeal through a series of contested matters in the bankruptcy proceeding. While the Court makes no conclusion as to the merits of the claims, the claims in the Revised Complaint, except those pled under § 303, meet the standard of being colorable. It is in the best interest of the estate to move this case forward to a final resolution. This can be accomplished through the filing of an adversary proceeding. The Court concludes that Wortley has satisfied the burden of proving the elements necessary to be granted standing to pursue the causes of action in the Revised Complaint, except for claims brought pursuant to § 303.

Lastly, the mandate of the Eleventh Circuit instructed that Wortley's Motion to Dismiss [D.E. 128] should have been granted. This Court, now with all the information before it, will follow those instructions and will dismiss this case after adjudicating all outstanding issues and awarding Wortley the damages to which he is entitled.

Accordingly, it is

**ORDERED** as follows:

1. The Motion for Entry of an Order Granting Leave, Standing, and Authority to Prosecute Actions on Behalf of the Estate [D.E. 819] is **GRANTED** in part. This

Court grants Wortley standing to prosecute all claims in the Revised Complaint except for any claim brought pursuant to 11 U.S.C. § 303. Wortley is directed to file an adversary complaint that complies with the terms of this Order on or before <u>July 10, 2015</u>.

2. The Revised Statement of Relief Sought on Remand and Motion for Entry of a Case Management Order [D.E. 821] is **DENIED** without prejudice. The prayer for relief in the Case Management Motion requests "entry of the proposed Case Management Order attached hereto". However, nothing is attached to the Case Management Motion. Also, the movant failed to timely submit a proposed order for the Case Management Motion as directed. *See* [D.E. 858].

3. The parties are directed to negotiate an agreed Case Management Order, including discovery deadlines. If the parties cannot agree on a Case Management Order, then the parties are directed to submit proposed orders in word processing format to the Court's electronic mailbox, RBR_Chambers@flsb.uscourts.gov, on or before <u>July 7, 2015.</u>

###

*The Clerk shall provide copies of this Order to:*
Bruce Rogow, Esq.
*[Attorney Rogow is directed to serve copies of this Order on all required parties and file a certificate of service with the Court.]*

5