UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>GLOBAL ENERGIES, LLC,<br>f/k/a 714 Technologies, LLC,<br><br>        Debtor. | |
| Joseph G. Wortley.,<br><br>        Appellant,<br><br>- versus -<br><br>RICHARD TARRANT, JAMES JURANITCH, CHRISPUS VENTURE CAPITAL, LLC, CHAD P. PUGATCH, RICE PUGATCH ROBINSON & SCHILLER, P.A., AND PLASMA POWER, LLC,<br><br>        Appellees. | Civil Action No. 15-61413-WJZ<br><br><u>On Appeal From</u>:<br><br>Case No. 10-28935-RBR |

**APPELLANT'S RESPONSE TO MOTION TO DISMISS APPEAL**

Appellant Joseph G. Wortley, files this Response to the (i) *Motion to Dismiss Appeal* [D.E. 5] filed on August 3, 2015 by Appellees Chrispus Venture Capital, LLC, Ronald Roberts and Richard Tarrant, and (ii) *Joinder in Motion to Dismiss Appeal* [D.E. 6] (collectively, the "<u>Motion to Dismiss</u>") filed on August 4, 2015 by Appellees Chad P. Pugatch and Rice Pugatch Robinson & Schiller, P.A., and states as follows:

**I.   INTRODUCTION**

1.   Mr. Wortley took this Appeal from the Bankruptcy Court's order (the "Order") denying his request for derivative standing under the Bankruptcy Code to bring causes of action on behalf of the debtor's estate (the "Estate") under 11 U.S.C. § 303, including dismissal of the involuntary petition and the recovery of damages under section 303(i)(2) (collectively, the "Section 303 Claims"). See AD-58[1]  Although the Bankruptcy Court granted to Mr. Wortley derivative standing to prosecute certain claims, including those arising under Bankruptcy Code sections 548 and 550 (which Mr. Wortley has since brought in an adversary proceeding), its refusal to grant derivative standing as to the Section 303 Claims means that these claims – which include statutorily authorized punitive damages – will not be prosecuted by, or on behalf of, the Estate. See AD-70.  It is solely with respect to this denial that the instant appeal was taken.[2]

2.   The Section 303 Claims stem from the Appellees' conspiracy to file the involuntary petition in bad faith, as found by the Eleventh Circuit Court of Appeals.  See AD-100 at 11-15.  These claims are valuable assets of the Estate and, as such, must be preserved and prosecuted to the fullest extent permissible under applicable law.  Mr. Wortley contends that the Order is final with regard to the Section 303 Claims and therefore this appeal was properly filed at this juncture.  However, in the event that this Court determines otherwise, this appeal should be dismissed only expressly without prejudice to Mr. Wortley's ability to appeal the Order upon final resolution of the adversary proceeding.

---

[1]   References herein to "AD-__" are to the *Appellant Joseph G. Wortley's Statement of Issues to Be Presented and Designation of Items to Be Included in the Record on Appeal* [D.E. 9-2].

[2]   As such, all references herein to the "Order" are with respect to only the denial of derivative standing for the Section 303 Claims.

## II. ARGUMENT

**A.     <u>The Bankruptcy Court's Order is an Immediately Appealable Final Decision.</u>**

3.     An order is deemed "final" and therefore immediately appealable if it "constitute[s] final determination of the rights of parties to secure the relief they seek in the suit." <u>In re Vause</u>, 886 F.2d 794, 794 (6th Cir. 1989) (citation omitted); <u>Iannochino v. Rodolakis (In re Iannochino)</u>, 242 F.3d 36 (1st Cir. 2001) (a final order "must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."). Courts apply a more relaxed finality standard to bankruptcy court orders. <u>See, e.g.</u>, <u>Figueroa v. Wells Fargo Bank N.A.</u>, 382 B.R. 814, 820 (S.D. Fla. 2007); <u>Moran v. Official Comm. of Admin. Claimants</u>, No. 1:05CV2285, 2006 WL 3253128, at *2 (N.D. Ohio Nov. 8, 2006) ("The general rule is where an order in a bankruptcy case finally disposes of discrete disputes within the larger case, it may be appealed immediately."), <u>aff'd sub nom.</u> <u>In re LTV Steel Co., Inc.</u>, 560 F.3d 449 (6th Cir. 2009) (citations and quotations omitted).

4.     The Order unequivocally provides that "[the Bankruptcy Court] does not have the authority and it would be inappropriate to use its equitable powers to grant [Mr.] Wortley standing to prosecute a § 303 claim." <u>See</u> AD-70 at 3. In stating that it lacks the ability to grant derivative standing for the Section 303 Claims, the Bankruptcy Court conclusively determined that Mr. Wortley may not ever prosecute the Section 303 Claims on behalf of the Estate. <u>See</u> <u>In re Delta Servs. Indus.</u>, 782 F.2d 1267, 1270 (5th Cir.1986) ("[B]ankruptcy court orders that conclusively determine substantive rights of parties [are] final and appealable."). Thus, the Order finally disposed of the discrete issue of whether the Mr. Wortley could bring the Section 303 Claims derivatively under the Bankruptcy Code. That such a determination is final is further supported by a number of courts that have permitted the immediate appeal of a bankruptcy

court's denial of derivative standing for a creditor to bring claims on behalf of a debtor's estate. See, e.g., Walnut Creek Mining Co. v. Cascade Inv., LLC, Civ. No. 14-738-LPS (D. Del. March 13, 2015) (In re Optim Energy, LLC, Bankr. Case No. 14-10262-BLS); In re VOIP, Inc., 461 B.R. 899, 904 (S.D. Fla. 2011).

5.     The Appellees' counterarguments also are unavailing, as they misconstrue the posture of the bankruptcy proceedings – a matter of particular importance in determining the finality of bankruptcy orders.  See Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1548 (11th Cir. 1996) ("The statutory requirement of finality is a flexible concept, grounded in the practicalities of the situation. This accommodative approach is vital in the context of bankruptcy."). Appellees cite to numerous cases for the proposition that an order disposing of some, but not all, of the claims *in an adversary proceeding* is not a final appealable order. See Motion to Dismiss at 4.  These cases are inapposite; here, the Order was entered prior to the commencement of an adversary proceeding and before any claims had been brought.  In fact, the Order itself granted to Mr. Wortley the *authority to commence* an adversary proceeding to bring the proposed claims other than the Section 303 Claims.  See AD-70 at 4 ("[T]he Court determines that [an adversary proceeding] is necessary and beneficial to a fair and efficient resolution of this case.").  Thus, the Order determined on a final basis that Mr. Wortley may not exercise derivative standing under the Bankruptcy Code to pursue these important claims on behalf of the Estate in the prospective adversary proceeding.  See Moran, 2006 WL 3253128, at *2 (an order is final where it directly affects the disposition of the estate's assets).  As such, this appeal is a timely appeal of a final order under 28 U.S.C. § 158(a)(1).

### B.  **If the Order is Interlocutory, the Appeal Should Be Dismissed Expressly Without Prejudice.**

6. Although Mr. Wortley contends that the Order is a final appealable judgment, to the extent this Court determines otherwise Mr. Wortley does not seek leave to appeal the judgment as an interlocutory order.  Mr. Wortley does not dispute that neither the parties nor the Bankruptcy Court could locate any opinion (let alone two conflicting opinions) addressing the issue of derivative standing to bring the Section 303 Claims. See Figueroa, 382 B.R. at 824 (requiring a "substantial ground for difference of opinion" for a discretionary appeal).  Although this dearth of authority may preclude a discretionary appeal of the Order if it is found to be interlocutory, it also highlights the need for this unsettled issue – which the Bankruptcy Court decided with virtually no guidance – to be preserved for appeal.

7. Thus, if this Court determines that the Order is interlocutory in nature, the instant appeal should be denied *without prejudice* to Mr. Wortley's right to appeal the decision upon final resolution of the adversary proceeding.  See Carpenter v. Mohawk Indus., Inc., 541 F.3d 1048, 1052 (11th Cir. 2008) (dismissing interlocutory appeal only after finding that the lower court's decision could be effectively reviewed on appeal after final judgment); Yerushalmi v. Shibolelth, 405 B.R. 44, 49 (E.D.N.Y. 2009) (same).  This will ensure that Mr. Wortley's ability to seek review of the Order is properly preserved, and the valuable causes of action belonging to the Estate are not improperly abandoned.

### III.     Conclusion

8.     The Motion to Dismiss should be denied because the Order is final as it pertains to the Section 303 Claims and therefore is appealable as of right pursuant to 11 U.S.C. 158(a)(1). Alternatively, if this Court determines that the Order is interlocutory, Mr. Wortley respectfully requests that the appeal be dismissed expressly without prejudice to Mr. Wortley's right to appeal the Order upon final resolution of the adversary proceeding.

Respectfully submitted,

*/s/ Bruce S. Rogow*
BRUCE S. ROGOW
Fla. Bar No. 067999
TARA A. CAMPION
Fla. Bar No. 0090944
**BRUCE S. ROGOW, P.A**.
500 E Broward Blvd., Ste. 1930
Fort Lauderdale, Florida 33394
Ph:     954.767.8909
brogow@rogowlaw.com
tcampion@rogowlaw.com

**BROWN RUDNICK LLP**
William R. Baldiga, Esq. (NY Bar #4813846)
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

**BROWN RUDNICK LLP**
Jesse N. Garfinkle, Esq. (MA Bar #685236)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**SERVICE LIST**
*Wortley v. Pugatch et al*
15-cv-61413-WJZ

*Counsel for Richard Tarrant, Chrispus Venture Capital, LLC, and Ronald Roberts*

Michael Ira Goldberg
**Akerman Senterfitt & Eidson**
Las Olas Centre
350 E Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-0006
954-463-2700
Fax: 463-2224
michael.goldberg@akerman.com


*Counsel for James Juranitch*

Nolan Keith Klein
**Law Offices of Nolan Klein, P.A.**
Wells Fargo Tower
One East Broward Blvd.
Ste. 1500
Ft. Lauderdale, FL 33301
954-745-0588
Fax: 305-397-1924
klein@nklegal.com

*Counsel for Chad P. Pugatch, and Pugatch and Rice Pugatch Robinson & Schiller*

Chad P. Pugatch
Craig Pugatch
George Leo Zinkler , III
**Rice Pugatch Robinson & Schiller**
101 NE 3 Avenue
Suite 1800
Fort Lauderdale, FL 33301
954-379-3121
Fax: 462-4300
cpugatch@rprslaw.com
capugatch.ecf@rprslaw.com
gzinkler@rprslaw.com